UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSE ULISER SUCHITE MONROY**, Petitioner, v. **KEVIN RAYCRAFT, *et al.*,** Respondents. | **2:26-CV-11423-TGB-DRG** HON. TERRENCE G. BERG **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Presently before the Court is Jose Uliser Suchite Monroy's Petition for Writ of Habeas Corpus challenging his immigration detention at Monroe County Jail in Michigan. ECF No. 1. A district court may issue a writ of habeas corpus to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For the reasons that follow, the Petition will be **GRANTED** and Respondent Kevin Raycraft, the Acting Detroit Field Office Director of ICE's Enforcement and Removal Operations, will be **ORDERED** to release Petitioner by 5:00 p.m. on June 12, 2026, unless Petitioner has received a bond hearing under 8 U.S.C. § 1226(a) by that date.

Petitioner is a citizen of Guatemala who has resided in Ann Arbor, Michigan since 2012. Pet., ECF No. 1, ¶ 18. In or around February 2026, the Department of Homeland Security placed Petitioner in removal proceedings. *Id.* Petitioner was taken into immigration detention without being provided an opportunity to post bond or be released under other

conditions from Monroe County Jail. *Id.* at ¶ 27. Petitioner sought a bond hearing before the Detroit Immigration Court but the Immigration Judge denied bond on March 22, 2026 for lack of jurisdiction to conduct a bond hearing under 8 U.S.C. § 1225(b)(2)(A). *Id.* at ¶ 28. On April 29, 2026, Petitioner filed this habeas suit, alleging that his detention under 8 U.S.C. § 1225(b)(2) violates his statutory and constitutional rights, and that he should be eligible for release on bond by an immigration judge under 8 U.S.C. § 1226, which entitles him to a bond hearing. *Id.* at PageID.21.

As Respondents conceded in their Response, the Sixth Circuit has recently held that "noncitizens like petitioner are entitled to seek release on bond from an immigration judge under 8 U.S.C. § 1226." ECF No. 4, PageID.30 (citing *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026)). Respondents further concede that "[P]etitioner is eligible to seek release on bond from an immigration judge under 8 U.S.C. § 1226." *Id.* Nonetheless, Respondents argue Petitioner's motion should be denied because *Lopez-Campos* renders Petitioner's claims moot now that it is clear he can request a bond hearing from the immigration court. This argument misunderstands mootness. Petitioner alleges he is not receiving a bond hearing. This claim would be moot if the Government could show that the Immigration Judge had granted him a bond hearing. The fact that the Court of Appeals has concluded he must be given a bond hearing does not render his request for such a hearing

moot. Rather, the recent decision makes clear that by failing to afford Petitioner the opportunity for a bond hearing, Respondents have violated 8 U.S.C. § 1226(a) and Petitioner's continued detention without a bond hearing is unlawful. *See Lopez-Campos*, 2026 WL 1283891, at *11, 13 (holding that the petitioners "could have been detained pursuant to only § 1226" such that their "detentions under § 1225(b)(2)(A)" without bond was "unlawful" and "a deprivation of liberty that violated Petitioners' due process rights").

Accordingly, **IT IS ORDERED** that Petitioner's habeas corpus petition is **GRANTED**. **IT IS ORDERED** that Petitioner shall be afforded a bond hearing before an immigration judge on or before 5:00 p.m. on June 12, 2026, or be released. The government shall bear the burden of establishing by clear and convincing evidence that continued detention is justified under 8 U.S.C. § 1226.[1]

**IT IS FURTHER ORDERED** that, within fourteen (14) days of this Opinion and Order, Respondents shall file a status report certifying

---

[1] Petitioner requested that the burden of proof be placed on Respondents to show by clear and convincing evidence that Petitioner is a flight or danger risk. ECF No. 1, PageID.21. The Sixth Circuit in *Lopez-Campos* did not address the question of burden, but cited favorably to a Third Circuit decision holding "that once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary." 2026 WL 1283891, at *12. Respondents did not respond to this argument, and because Petitioner has been detained unreasonably without a bond hearing under § 1226, the Government should bear the burden of proving that detention is necessary in this case.

3

their compliance with this Opinion and Order and detailing the results of the bond hearing.

**IT IS SO ORDERED**.

Dated: June 5, 2026          /s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE